**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4914**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LORENZO LEAK, JR.,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:07-cr-00081-JPB-DJJ-1)

─────────

Submitted:  March 26, 2009          Decided:  April 6, 2009

─────────

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Antoini M. Jones, GIBSON, JONES & ASSOCIATES, LLP, Riverdale, Maryland, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Leak, Jr., pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(A) (2006), as amended by the Effective Child Pornography Prosecution Act of 2007, Pub. L. No. 110-358, 122 Stat. 4001. The district court sentenced Leak to seventy months' imprisonment. Leak timely appealed.

On appeal, Leak challenges the district court's acceptance of his guilty plea. Specifically, Leak asserts that the district court erred in finding a factual basis to support his plea. Leak did not seek to withdraw his plea in the district court. This court therefore reviews his arguments under the plain error standard. United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007). To succeed on this claim, Leak must demonstrate: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when these conditions are satisfied, we may exercise our discretion to notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks and alteration omitted).

Prior to "entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This "ensures that the court

2

make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). There is no error in the acceptance of a plea "so long as the district court could reasonably determine that there was a sufficient factual basis." United States v. Martinez, 277 F.3d 517, 531 (4th Cir. 2002). The factual basis may be supported by anything in the record. DeFusco, 949 F.2d at 120. Our review of the record convinces us that the district court did not err in concluding that an adequate factual basis was established to support Leak's plea.

Accordingly, we affirm the district court's judgment. We deny the Government's motion to dismiss the appeal on wavier grounds because the issue raised on appeal is not within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) ("[W]e will enforce [a] waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED